```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2

 3

 4    UNITED STATES OF AMERICA,         )
                                        )
 5    vs.                               ) Criminal Action
                                        )
 6    DZHOKHAR A. TSARNAEV,             ) No. 13-10200-GAO
                      Defendant         )
 7                                      )
                                        )
 8                                      )

 9

10    BEFORE:   THE HONORABLE GEORGE A. O'TOOLE

11
                           STATUS CONFERENCE
12

13

14
             John Joseph Moakley United States Courthouse
15                        Courtroom No. 22
                          1 Courthouse Way
16                        Boston, MA 02210

17
                           August 21, 2024
18                          11:07 a.m.

19

20

21

22

23                       Valerie A. O'Hara
                       Official Court Reporter
24         John Joseph Moakley United States Courthouse
                          1 Courthouse Way
25                        Boston, MA 02210
                     E-mail: vaohara@gmail.com
```

```
 1   APPEARANCES:

 2   For The United States:

 3        United States Attorney's Office, by NADINE PELLEGRINI,
     ASSISTANT UNITED STATES ATTORNEY, MARK T. QUINLIVAN,
 4   ASSISTANT UNITED STATES ATTORNEY, and JASON A. CASEY,
     ASSISTANT UNITED STATES ATTORNEY, 1 Courthouse Way,
 5   Suite 9200, Boston, Massachusetts 02110;

 6   For the Defendant:

 7        DEIRDRE VON DORNUM, ATTORNEY, One Pierrepont Plaza
     16th Floor, Brooklyn, New York 11201;
 8
          Fick & Marx LLP, by WILLIAM W. FICK, ESQ.,
 9   24 Federal Street, 4th Floor, Boston, Massachusetts 02110;

10        Federal Defenders of New York, Inc., by DANIEL HABIB,
     ESQ., 52 Duane Street, 10th Floor, New York, New York 10007.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PROCEEDINGS

THE CLERK: All rise for the Honorable Court. Your Honor, this is the Criminal Matter of 13-cr-10200, United States of America vs. Tsarnaev.

Would the parties identify themselves beginning with the government, please.

MS. PELLEGRINI: Good morning, your Honor, Nadine Pellegrini for the United States.

MR. QUINLIVAN: Good morning, your Honor, Mark Quinlivan also for the United States.

MR. CASEY: Jason Casey for the United States. Good morning, your Honor.

MS. VON DORNUM: Good morning, your Honor, Deirdre von Dornum, Bill Fick, and Daniel Habib for the defense.

THE COURT: Good morning. This will be brief. After the Supreme Court ruling in this case a couple of years ago, the Court of Appeals then proceeded to address four appellate issues that had not been resolved by the initial appellate opinion.

Earlier this year, the Court of Appeals chose three of those issues and has remanded a remaining unsolved issue to this Court for our consideration, while explicitly retaining appellate jurisdiction to review whatever action may be taken at this level concerning that issue.

1  Today's session does not involve any substantive
2  consideration of the issues.  Today's session is simply to
3  begin planning for further proceedings as appropriate in this
4  court in accordance with the remand.
5  As I say, in its second opinion, the Court of Appeals
6  specifically retained appellate jurisdiction and remanded the
7  case, quotes, "to the District Court only to conduct a
8  appropriate investigation" concerning this Court's denial of a
9  pretrial motion by the defendant to strike for cause two jurors
10 from the trial jury.
11 That issue had been raised in the initial appeal, but
12 the Court of Appeals determined that given its original ruling,
13 it was not necessary to address that issue.
14 The defense has submitted a letter to this Court
15 suggesting that I should recuse from further proceedings of the
16 Court.  The language of the remand order by the Court of
17 Appeals makes it plain that that court intended that the
18 appropriate investigation would be conducted by this Court.
19 Apart from the expression of intention by the Court of
20 Appeals, the applicable local rules are clear concerning when
21 and whether a district judge must or may recuse after appellate
22 proceedings.
23 The applicable rule concerning the reassignment of
24 cases after appeal is Local Rule 40.1(l), Subsection L, and
25 that subsection of the local rule reads as follows:

|   |   |
|---|---|
| 1 | Caption, "Proceedings After Appeal." |
| 2 | "When an appellate court remands a case to this Court |
| 3 | for a new trial, the case shall be assigned to a District Judge |
| 4 | other than the one, the Judge before whom the first trial was |
| 5 | held.  That's a circumstance when a new trial is called for." |
| 6 | Subsection 2.  "In all other cases in which the |
| 7 | mandate of the appellate court requires further proceedings in |
| 8 | this court, such proceedings shall not be conducted before the |
| 9 | district judge before whom the prior proceedings were conducted |
| 11:10AM 10 | unless the terms of remand require that further proceedings be |
| 11 | conducted before the original Judge or unless the Judge |
| 12 | determines that there would result a substantial saving in the |
| 13 | time of the whole court and that there is no reason why in the |
| 14 | interests of justice further proceedings should be conducted by |
| 15 | another Judge.  If the Judge before whom the prior proceedings |
| 16 | were conducted does not remand the case for further |
| 17 | proceedings, the Judge shall refer it to the clerk for |
| 18 | assignment." |
| 19 | So that rule, I think, makes it perfectly clear that, |
| 11:11AM 20 | 1, the Court of Appeals has not instructed otherwise; and, 2, |
| 21 | the particular provision that there would be a substantial |
| 22 | savings in time and effort if the Judge experienced with the |
| 23 | case retains the ability to rule. |
| 24 | Additionally, there is a general recusal statute |
| 25 | applicable generally to district judges, Section 455(a) of |

1    Title 28, which requires a Judge, quote, "to disqualify himself
2    in any proceeding in which his impartiality might reasonably be
3    questioned," and that provision does not apply in this
4    circumstance.
5            If the Court of Appeals thought otherwise, it is plain
6    that the court would certainly have said so.
7            MS. VON DORNUM:  Your Honor, may I be heard just on
8    that last part?
9            THE COURT:  Go ahead.
10   MS. VON DORNUM:  Thank you.  As your Honor noted, we
11   have suggested in our letter that the case might be appropriate
12   for reassignment under the local rule, and I hear your decision
13   on that.  We had asked in the alternative for the Court to set
14   a briefing schedule on a full motion to recuse under the
15   statute you just mentioned, 18 U.S.C. 455(e), and we would
16   reiterate that request.  We've not yet had the opportunity to
17   present the grounds for that motion either to you or to the
18   circuit, so I don't think the circuit has weighed in on that.
19           The grounds, simply put, would be your Honor's public
20   comments on the case during the pendency of the appeal
21   including on a podcast and at various public events, and those
22   remarks, you know, in keeping with the circuit's opinion in
23   *Boston Children's First*, we believe might lead a reasonable
24   person to question the court's impartiality.
25           That's not a suggestion, your Honor, of actual bias,

1    but, of course, of the public appearance that the circuit has
2    been so concerned about particularly in high profile cases.
3        Given those public remarks, we would ask your Honor
4    before any decisions are made as to the evidentiary hearing to
5    allow the parties to fully brief a motion to recuse so that you
6    may have the opportunity and the government may have the
7    opportunity to review those factual bases.
8        We've already collected -- I assume your Honor would
9    want to move expeditiously, so we've already collected to the
10   best of our ability the public information on those remarks,
11   but I think there are some other public appearances that we
12   haven't yet been able to find transcripts or recordings of, so
13   as the government did in *Sampson*, we would also ask as part of
14   the briefing schedule that the Court make full disclosure of
15   comments about the case during the pendency of appeal pursuant
16   to 455(e).
17       And as we also said in our letter, we would ask that
18   the Court not make rulings as to the evidentiary hearing for
19   now, as Mr. Quinlivan I think himself requested in *Sampson*, we
20   ask just that out of prudence and thoroughness and trying to
21   make sure that everything is fully fleshed out and that there
22   can be no suggestion that the rulings your Honor may make
23   before the evidentiary hearing before the motion to recuse is
24   fully briefed and resolved would need to be redone or
25   reconsidered or present other appearance questions, so,

1    respectfully, and I know it's a sensitive matter, your Honor,
2    we would ask for a briefing schedule, and we're prepared to
3    move expeditiously.
4             THE COURT:  Ms. Pellegrini.
5             MS. PELLEGRINI:  Your Honor, we were made aware of
6    this issue earlier this week, however, we have had time to
7    confer amongst ourselves.  While we do not oppose a briefing
8    schedule related to this issue, and while we have limited
9    insight into all of the factors that might be considered, we
10   have enough right now to be able to say that we believe that
11   this motion is meritless, and I also believe that the briefing
12   schedule should not stop the Court from continuing to schedule
13   matters related to the evidentiary hearing or whatever type of
14   hearing the Court is going to hold on the issue that is before
15   the Court.
16            THE COURT:  All right.  Do what you think you should
17   do, and we'll address it.  With respect to the appointment of
18   counsel, I'm shifting a little bit, but on the same topic,
19   Mr. Fick has submitted a motion for himself to be appointed as
20   well as reappointment of the New York counsel who have handled
21   the case in the original appeal, and that motion is granted.
22            MS. VON DORNUM:  Thank you, your Honor.
23            THE COURT:  I think it's 28, 30005, I'm going from my
24   memory that it is suggested that the federal defender for this
25   district be consulted, but I think that consultation has

1    already happened.

2    MS. VON DORNUM: It has, your Honor, thank you.

3    THE COURT: It's not necessary to go through.

4    MS. VON DORNUM: We consulted with Oscar Cruz, who is

5    the interim federal defender, as you know, and he approved this

6    plan subject, of course, to your Honor's approval.

7    THE COURT: We will issue further orders or directions

8    regarding how to proceed on the issues that are presented.

9    From here on out, all proceedings, all filings are to be done

10   under seal unless otherwise noted. It's very important that

11   that there be no external things happening that could disturb

12   the integrity of the process.

13   MS. VON DORNUM: Yes, your Honor. On that, I just

14   want to make sure I understand, also as to the recusal motions,

15   those should also be under seal?

16   THE COURT: I think everything for the time being, for

17   the exercise of caution, we'll start there, and if it appears

18   things may be shared with the public, then that's appropriate.

19   MS. VON DORNUM: Yes, your Honor. Would you like us

20   to confer with the government and propose a briefing schedule

21   on the motion to recuse?

22   THE COURT: I think you should proceed promptly.

23   MS. VON DORNUM: Yes, of course.

24   THE COURT: All right. The other matter is this

25   involves, will involve perhaps some intrusion on the private

1    lives of the two jurors in question, and so it is my order to
2    everybody that no one, no one is to contact the jurors in
3    question.
4         The lawyers in the case obviously know who they are.
5    There should be no explanation to the wider world as to who
6    they are.  They're citizens, and they deserve to be respected
7    until otherwise noted.
8         MS. VON DORNUM:  Yes, your Honor, on that note, I
9    would say, just confirm as soon as the Court of Appeals's order
10   came out, we conferred with the government, and we all agreed
11   that we would have no contact whatsoever directly or through
12   the agents with the jurors, and we've held to that.
13        THE COURT:  So I think we should dispose of any
14   further recusal question promptly.
15        MS. VON DORNUM:  Yes, your Honor.
16        THE COURT:  Would you suggest a time frame?
17        MS. VON DORNUM:  Yes, your Honor, we would be prepared
18   to file our motion by September 3rd, if that's amenable to the
19   Court.
20        THE COURT:  That's fine.
21        MS. VON DORNUM:  We may include in that or if your
22   Honor would prefer, we could provide this first, a request for
23   disclosure from your Honor under 455(e) of public comment, just
24   to be sure we're covering the full terrain, but we can
25   certainly argue brief the public statements we're aware of by

```
 1    September 3rd.
 2              THE COURT:  I don't know that I can answer your
 3    question.
 4              MS. PELLEGRINI:  I think there are two questions
 5    there.
 6              MS. VON DORNUM:  I can put it in writing, so it's much
 7    clearer.
 8              THE COURT:  I don't know what it might have been in
 9    your category of public comment, I'm not sure.
11:20AM 10        MS. PELLEGRINI:  Your Honor, we are a bit in the dark
11    as well as to that, so we would need some time.
12              THE COURT:  A couple of weeks?
13              MS. PELLEGRINI:  Probably, yeah, a couple weeks would
14    be fine, your Honor.
15              THE COURT:  So, whatever, the 17th I guess would be
16    14 days from the 3rd.
17              MS. PELLEGRINI:  Okay.
18              THE COURT:  I want to dispose of that issue
19    immediately one way or the other.
11:21AM 20        MS. PELLEGRINI:  Understood.
21              MS. VON DORNUM:  Yes, your Honor.
22              THE COURT:  All right.  That concludes today's
23    business.
24              MS. VON DORNUM:  Thank you, your Honor.
25              MS. PELLEGRINI:  Thank you, your Honor.
```

1      THE CLERK: All rise for the Honorable Court.

2      (Whereupon, the hearing was adjourned at 11:21 a.m.)

3                       C E R T I F I C A T E

4

5  UNITED STATES DISTRICT COURT )

6  DISTRICT OF MASSACHUSETTS ) ss.

7  CITY OF BOSTON )

8

9      I do hereby certify that the foregoing transcript,

10 Pages 1 through 12 inclusive, was recorded by me

11 stenographically at the time and place aforesaid in Criminal

12 Action No. 13-cr-10200-GAO, UNITED STATES of AMERICA vs.

13 DZHOKHAR A. TSARNAEV and thereafter by me reduced to

14 typewriting and is a true and accurate record of the

15 proceedings.

16      Dated this August 26, 2024.

17

18                        s/s Valerie A. O'Hara

19                        _____

20                        VALERIE A. O'HARA

21                        OFFICIAL COURT REPORTER

22

23

24

25